UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | | |
|---|---|---|
| ROBERT W. RAPER | : | CASE NO. _____ |
| 4440 Happiness Lane | : | |
| Cincinnati, OH 45245 | : | Judge _____ |
| | : | |
| Plaintiff | : | |
| | : | **COMPLAINT WITH JURY DEMAND** |
| v. | : | |
| | : | |
| GPS HOSPITALITY PARTNERS, LLC | : | |
| 2100 Riveredge Parkway, Suite 850 | : | |
| Atlanta, Georgia 30328 | : | |
| | : | |
| Defendant. | : | |

Plaintiff Robert Raper ("Plaintiff") states for his Complaint:

## I. JURISDICTION AND VENUE

1.     Plaintiff was employed by Defendant GPS Hospitality Partners, LLC ("Defendant").

2.     Defendant has been at all material times an employer within the meaning of the Americans With Disabilities Amendments Act ("ADAA").

3.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 because it arises under federal law, specifically the ADAA.

4.     Defendant does business at 4868 Houston Rd, Florence, KY 41042, which is in Boone County, Kentucky.

5.     Plaintiff was employed by Defendant in Boone County.

6.     The claims alleged herein arose in Boone County.

7.      Plaintiff suffered damage in Boone County as a result of the conduct of Defendant alleged herein.

## II. FACTUAL ALLEGATIONS

8.      Defendant is a franchisee that operates Burger King restaurants in multiple states.

9.      Plaintiff was employed by Defendant at its restaurant at 4868 Houston Rd, Florence, KY 41042 and he remained qualified for continued employment.

10.     Plaintiff began his employment with Defendant in August 2015 as a General Manager.

11.     Plaintiff's immediate supervisor was John Helenski, Regional Manager.

12.     Mr. Helenski reported to Joe Waller, Director of Operations.

13.     Plaintiff had while employed by Defendant a "disability" within the meaning of the ADAA. Specifically, Plaintiff had a physical or mental impairment that substantially limited at least one of his major life activities and/or he had a record of such an impairment and/or he was regarded as having such an impairment.

14.     The major life activities affected by Plaintiff's "disability" include, without limitation, thinking, sleeping, eating and interacting with others.

15.     Plaintiff informed Mr. Helenski, Mr. Waller and Mario Nocero, another of Defendant's managers, of his "disability".

16.     Plaintiff repeatedly asked Mr. Helenski for reasonable accommodation.

17.     For example, Plaintiff twice requested as an accommodation that he be permitted to serve, temporarily, as an Assistant Manager, because doing so would have enabled him to better manage and reduce his symptoms related to his "disability" and to then return to his position as General Manager.

-2-

18.     Plaintiff requested this accommodation on or about February 5, 2016 and on or about February 17, 2016.

19.     Mr. Helenski rejected Plaintiff's request for reasonable accommodation.

20.     With respect to the first request, Mr. Helenski stated on or about February 5, 2016, that request was denied and asked Plaintiff why he should assume Assistant Manager responsibilities when that would require Plaintiff to work the same hours but make less money.

21.     With respect to the second request, Mr. Helenski stated that Defendant does not demote managers.

22.     Upon rejecting these two requests, Mr. Helenski did not propose another accommodation, nor did he ask Plaintiff to propose another one, and Defendant failed to engage in the interactive process required by the ADAA.

23.     In February 2016, Mr. Helenski promised Plaintiff that he would be in his (Plaintiff's) restaurant a minimum of four days a week in March 2016 to assist him.

24.     Such temporary assistance would have been a reasonable accommodation had Mr. Helenski in fact done as promised, which he did not.

25.     Defendant did not provide Plaintiff a reasonable accommodation.

26.     In addition to denying Plaintiff reasonable accommodation, Defendant discriminated against Plaintiff because of his "disability" by failing to allow him to serve temporarily as an Assistant Manager and by failing to provide him temporary assistance from his immediate supervisor.

27.     On Friday, March 11, 2016, Plaintiff's doctor recommended he take time off work because of his "disability".

-3-

28.    On Friday, March 11, 2016, Plaintiff informed Mr. Helenski that his doctor recommended he take time off work because of his "disability" and that he was to be re-evaluated by his doctor on Monday, March 14, 2016.

29.    On Monday, March 14, 2016, Plaintiff's doctor released Plaintiff to return to work on March 18, 2016.

30.    Plaintiff informed Mr. Helenski that his doctor had released him to return to work on Friday, March 18, 2016.

31.    Nevertheless, on Tuesday, March 15, 2016, after Plaintiff informed Mr. Helenski that his doctor had released him to return to work, Mr. Helenski notified Plaintiff of the termination of his employment.

32.    Upon notifying Plaintiff of his termination, Mr. Helenski told him he thought it best if Plaintiff and Defendant parted ways and further told him that he (Mr. Helenski) knew if Plaintiff were 100% he could perform adequately.

33.    Mr. Helenski's explanation of Plaintiff's termination is an admission that Defendant terminated Plaintiff because of his condition: Or, in Mr. Helenski's words, he was not 100%.

34.    Defendant discriminated against and terminated the employment of Plaintiff because of his "disability".

35.    Defendant failed to make reasonable accommodation to known limitations related to Plaintiff's "disability".

36.    Defendant discriminated against, denied employment opportunities and terminated the employment of Plaintiff because of the need to make reasonable accommodation to the impairments related to Plaintiff's "disability".

-4-

37.    On or about May 24, 2016, Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") a Charge of Discrimination alleging he had been discriminated against because of "disability".

38.    On or about December 13, 2016, the EEOC issued with respect to Plaintiff's Charge of Discrimination a Notice of Right to Sue.

39.    Plaintiff received the Notice of Right to Sue after December 13, 2016.

40.    All conditions precedent to the maintenance of this action have been satisfied or have occurred.

## COUNT I
### (ADAA)
### (Discrimination)

41.    Plaintiff realleges paragraphs 1 through 40 of this Complaint.

42.    By discriminating against Plaintiff and terminating his employment because of "disability", Defendant violated the ADAA.

## COUNT II
### (ADAA)
### (Failure To Accommodate)

43.    Plaintiff realleges paragraphs 1 through 42 of this Complaint.

44.    By failing to reasonably accommodate Plaintiff and to engage in the interactive process Defendant violated the ADAA.

## COUNT III
### (ADAA)
### (Need to Accommodate)

45.    Plaintiff realleges paragraphs 1 through 44 of this Complaint.

46. By discriminating against Plaintiff, denying him employment opportunities and terminating his employment because of the need to make reasonable accommodation to the impairments related to Plaintiff's "disability", Defendant violated the ADAA.


WHEREFORE, Plaintiff requests judgment against Defendant in an amount to be determined at trial. Plaintiff seeks to recover in this action back pay and lost benefits, reinstatement or front pay in lieu thereof, compensatory damages, punitive damages, pre and post-judgment interest, attorneys fees and litigation costs and expenses, and all other legal, equitable and declaratory relief to which he is entitled.

Respectfully submitted,

**DOUGLAS M. MOREHART (0038668)**
Trial Attorney for Plaintiff
HAVERKAMP RIEHL & MICHEL CO., L.P.A.
5856 Glenway Avenue
Cincinnati, OH 45238
Tele: (513) 922-3200
Fax: (513) 922-8096

-6-

## JURY DEMAND

Plaintiff hereby demands trial by jury.

Respectfully submitted,

**DOUGLAS M. MOREHART (0038668)**
Trial Attorney for Plaintiff
HAVERKAMP RIEHL & MICHEL CO., L.P.A.
5856 Glenway Avenue
Cincinnati, OH 45238
Tele:   (513) 922-3200
Fax:    (513) 922-8096

-7-